O

E-Filed: 7/20/09

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HARTUNE NIPIOSSIAN, | ) | CASE NO.  CV 09-04491 GHK (RZ) |
| Petitioner, | ) | |
| | ) | ORDER – |
| vs. | ) | 1.  SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE; and |
| | ) | |
| | ) | 2.  DENYING PETITIONER'S STAY AND ABEYANCE MOTION WITHOUT PREJUDICE |
| JAMES WALKER, Warden, | ) | |
| Respondent. | ) | |

Because the habeas petition commencing this action indicates on its face that Petitioner has – or, at the time he commenced this action, had – a pending state-court habeas proceeding that, if successful, could moot this action at least in part, the Court will dismiss this action without prejudice.  The Court also denies without prejudice his attendant motion to "stay and abey" this action.

# I.

## THE EXHAUSTION-RELATED *SHERWOOD* DOCTRINE

### A.    Applicable Law

State prisoners seeking to challenge their convictions or sentences by way of a federal habeas petition must first exhaust state judicial remedies, by giving to the highest

state court a fair opportunity to rule on the merits of each issue they wish to raise in federal court.  28 U.S.C. § 2254(b), (c).  The exhaustion requirement, "grounded in principles of comity," *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991), is "principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

If a petitioner has post-conviction proceedings pending in state court, the federal exhaustion requirement is not satisfied.  *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *see also Belbin v. Picard*, 454 F.2d 202, 204 (1st Cir. 1972) (rejecting federal habeas relief where petitioner's state-court challenge to his conviction was still pending) ("We cannot too strongly condemn the practice of proceeding with post trial relief in two courts simultaneously . . . .").  A would-be federal habeas petitioner generally must await the outcome of any pending state-court challenges to his state conviction before proceeding in federal court, even if the issue he plans to raise in federal court has been finally settled in state court, and hence seemingly exhausted.  *See Sherwood*, 716 F.2d at 634.  Even if the pending state proceedings cannot resolve a federal constitutional issue raised in the federal petition, those state proceedings nevertheless may result in a reversal of the conviction for some other reason, thereby rendering the federal petition moot.  *Id*. (citations omitted).

Finally, a petitioner may not complete the exhaustion process in state court after filing a then-unexhausted federal petition, because  –

[t]he appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for hearing in the district court or court of appeals.  Whether [Petitioner] currently has any state remedies available to him may be raised when and if [Petitioner] files another habeas petition in the district court.

*Gatlin v. Madding*, 189 F.3d 882, 889 (9th Cir. 1999) (citations omitted) (*quoting Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993) (*per curiam*)); *accord, Domaingue v. Butterworth*, 641 F.2d 8, 14 (1st Cir. 1981) (declining to take judicial notice of state court decision allegedly establishing exhaustion, rendered after filing of federal habeas petition that was unexhausted at time of filing).

### B.    Analysis

Petitioner admits that only four of his eight claims (numbers 5 through 8) have been exhausted in the California Supreme Court.  Pet. ¶¶ 7-8.  His first four claims, he states, have not yet been exhausted and are pending in a state habeas action in the trial court.  Pet. ¶¶ 6 (indicating trial-court habeas petition was filed on June 19, 2009), 8.  This Court thus may not proceed without offending the *Sherwood* doctrine.  As *Sherwood* points out, the federal courts must respect the possibility that Petitioner will obtain relief on his pending state petition, a result that would moot this petition.  716 F.2d at 634.

## II.

## STAY AND ABEYANCE MOTION

Because *Sherwood* requires the action's dismissal, the Court also will deny, without prejudice, Petitioner's attendant motion to "stay and abey" this action while he completes the exhaustion process.  Should Petitioner face an untimeliness-based challenge upon his return to this Court after completing exhaustion, then he may make an appropriate response, including reference to some of the difficulties he alleges in support of this motion.

## III.

## CONCLUSION

For the foregoing reasons, this action is DISMISSED without prejudice.  The Motion for Stay and Abeyance also is DENIED without prejudice.  The Court notes that

dismissal for failure to exhaust is neither a dismissal with prejudice nor a denial on the merits; hence, if a petitioner returns to federal court with another petition presenting some or all of the same claims, the latter petition is not a "second or successive petition" subject to heightened procedural scrutiny. *Slack v. McDaniel*, 529 U.S. 473, 485-86, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

IT IS SO ORDERED.

DATED: 7/17/09

_____
GEORGE H. KING
UNITED STATES DISTRICT JUDGE

Presented by:

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE